UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MORGAN LEE BEADLE, <br><br> Plaintiff, <br><br> v. <br><br> DAVID SMOLICH, <br><br> Defendant. | CASE NO. 2:22-CV-515-JCC-DWC <br><br> ORDER DECLINING TO SERVE |

Plaintiff Morgan Lee Beadle, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by July 8, 2022, to cure the deficiencies identified herein.

**I.      Background**

In the Complaint, Plaintiff, an inmate housed in the Monroe Correctional Complex, alleges his constitutional rights were violated when Defendant, Correctional Officer David Smolich, verbally harassed him after he told Defendant he had a heart condition. Dkt. 1. In

addition, Plaintiff asserts a separate claim of "psychological harm and violation of the ADA." *Id*. at 6. As relief, Plaintiff seeks compensatory damages as well as injunctive relief.

**II.     Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants cause, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be

based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

### A. Verbal Harassment

Plaintiff alleges two counts of verbal harassment in the Complaint. Dkt. 1. Liberally construing these counts, Plaintiff has alleged that Defendant violated his Eighth Amendment protections against cruel and unusual punishment when Defendant made offensive and malicious comments to Plaintiff.

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id*. Usually, a more offensive condition will be of constitutional significance when it exists for even a short time, while a less offensive condition will be of constitutional significance only when it has existed for a much longer time. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), *cert. denied*, 532 U.S. 1065 (2001) ("The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred.").

Establishing a violation of the Eighth Amendment requires a two-part showing. First, a prisoner must objectively show that he was deprived of something "sufficiently serious." *Farmer*, 511 U.S. at 834. A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The prisoner must then make a subjective showing that the deprivation occurred with deliberate indifference to the prisoner's health or safety. *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

Here, Plaintiff alleges that Defendant "was being wanton towards me with his words saying: Your [sic] a piece of shit, no one cares about you that's why your [sic] in prison, you should just die." Dkt. 1 at 7. He also alleges that, after he informed Defendant of his heart condition on November 7, 2021, Defendant "laughs and tells me to do jumping jacks and pushups or tells ME TO GET 'F***ed.'" *Id*. at 10. These allegations alone do not allege a serious harm or an offensive condition. Nor do they allege a deprivation of something sufficiently serious. Plaintiff's allegations against Defendant amount to inappropriate comments. "[V]erbal harassment generally does not violate the Eighth Amendment." *Kennan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 19 (9th Cir. 1987)). Further, verbal harassment may only rise to the level of a constitutional violation if it was "unusually gross even for a prison setting" or "calculated to and did cause [the prisoner] psychological damage." *Keenan*, 83 F.3d at 1092. *See Somers v. Thurman*, 109 F.3d 614, 622 (9 Cir. 1997) ("We are mindful of the realities of prison life, and while we do not approve, we are fully aware that the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons.") (internal citation omitted). Thus, as Plaintiff's allegations show only verbal harassment they are not enough to state a claim under § 1983.

    B.  *Psychological Harm and ADA*

Plaintiff alleges one count of "psychological harm and violation of the ADA." Dkt. 1 at 6. In support of this allegation, Plaintiff simply directs the Court to the attachment to the Complaint which contains two three-month mental health treatment plans issued by Washington's Department of Corrections ("DOC"), with start dates on September 1, 2020 and November 24, 2020, respectively. *Id*. at 11-14. Plaintiff, however, has failed to sufficiently allege any wrong-doing by Defendant or alleged how, specifically, Defendant's action or inaction

violated Plaintiff's constitutional rights in connection with this claim. Further, under the Prison Litigation Reform Act, Plaintiff would need to allege physical injury in addition to a mental or emotional injury in order to recover the compensatory damages he seeks here. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."). Therefore, Plaintiff's allegations with respect to psychological harm are insufficient to show Defendant violated his constitutional rights. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and conclusory allegations unsupported by facts are not sufficient to state § 1983 claims). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

To the extent Plaintiff alleges a cause of action under the Americans with Disabilities Act ("ADA"), the Complaint fails to state a claim. Title II of the ADA applies to prisoners within state prisons. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998). The statute provides in relevant part:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. To prove a violation of Title II of the ADA, a plaintiff must show:

> (1) [H]e is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (citing *Weinreich v. Los Angeles County Metropolitan Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). If a plaintiff seeks to obtain monetary damages, he must establish intentional discrimination on the part of state

officials. *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998). Finally, the ADA does not provide a cause of action for challenges to a prisoner's medical care. *Simmons v. Navajo Co., Arizona*, 609 F.3d 1011, 1022 (9th Cir. 2010).

The appropriate defendants in an ADA claim differ from a Section 1983 claim. A plaintiff cannot bring an ADA claim against defendants in their individual capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Instead, the proper defendant in an ADA action is the public entity responsible for the alleged discrimination. *United States v. Georgia*, 546 U.S. 151, 154 (2006). "A potential defendant under the statute is any 'public entity' which includes, among others, 'any State or local government'; and 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001) (quoting 42 U.S.C. § 12131). Thus, an ADA claim may be brought against the State of Washington or the DOC. In addition, "[a]lthough individual defendants may not be sued in their individual capacities under Title II of the ADA, they may be sued in their official capacities because suing an individual in his official capacity is treated the same as suing the entity itself." *Id*.

To allege an ADA cause of action, Plaintiff must allege facts showing that he is a "qualified individual with a disability," that he was denied the benefits of the DOC institution or otherwise discriminated against, and that the discrimination was by reason of his disability. If Plaintiff intends to pursue this claim, he should include all of his factual allegations against specifically named defendants in one section of his amended complaint.

### III.  Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights

action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the Complaint by reference. The amended complaint will act as a complete substitute for the Complaint, and not as a supplement. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. Attachments will not be considered as a substitute for the amended complaint itself. Therefore, Plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint.

The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before July 8, 2022, the undersigned will recommend dismissal of this case.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service and send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 8th day of June, 2022.

*David W. Christel*
United States Magistrate Judge