UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MORGAN LEE BEADLE,

        Plaintiff,

v.

DAVID SMOLICH,

        Defendant.

CASE NO. 2:22-CV-515-JCC-DWC

ORDER GRANTING MOTION TO AMEND

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Morgan Lee Beadle to Chief United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff's Motion for Leave to Amend ("Motion"), in which he seeks to file a second amended complaint. Dkt. 32.

**BACKGROUND**

In the first amended complaint, Plaintiff alleges Defendant Smolich violated his constitutional rights at his place of confinement, Monroe Correctional Complex–Twin Rivers ("MCC"), when he harassed Plaintiff and denied him medical and mental health treatment. Dkt. 12.

ORDER GRANTING MOTION TO AMEND - 1

Plaintiff initiated this lawsuit on April 19, 2022. Dkt. 1. On June 8, 2022, the Court directed Plaintiff to file an amended complaint. *See* Dkt. 10. Plaintiff filed an amended complaint on July 8, 2022 (Dkt. 12), and the Court directed service of the amended complaint on July 19, 2022 (Dkt. 14). On September 8, 2022, Defendant filed an answer to the amended complaint. Dkt. 19. Thereafter, on September 12, 2022, the Court entered a Pretrial Scheduling Order, directing the parties to complete discovery by March 13, 2023, and file dispositive motions by April 13, 2023. *See* Dkt. 20.

On November 22, 2022, Plaintiff filed a motion for leave to file a second amended complaint. *See* Dkt. 26. The Court denied the motion without prejudice on December 16, 2022 because Plaintiff failed to attach an amended complaint to that motion. Dkt. 28.

On February 4, 2023, Plaintiff filed the instant Motion, this time attaching the proposed amended complaint. *See* Dkt. 32. In the Motion, Plaintiff requests leave to file a second amended complaint, an extension of the discovery deadlines, and appointment of counsel. *Id*. Defendants filed a Response to this Motion on February 9, 2023, arguing the Motion should be denied because Plaintiff has not shown good cause for an extension of the discovery deadlines or for appointment of counsel. Dkt. 33.

## DISCUSSION

**I.    Motion to Amend / Extend Discovery Deadlines**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) ***Amending as a Matter of Course***
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

ORDER GRANTING MOTION TO AMEND - 2

> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Defendants filed an answer on September 8, 2022. Dkt. 19. Thus, the time has expired for filing an amendment as a matter of course and Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendants have not provided written consent allowing Plaintiff to amend. *See* Dkt. 33. As such, to amend the amended complaint, Plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

Plaintiff's Motion primarily seeks to amend his amended complaint by adding facts to his current claims. Dkt. 32-1. Specifically, Plaintiff's proposed second amended complaint alleges additional facts for his claim that Defendant Smolich violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id*. at 5–6. In addition, as relief Plaintiff requests Defendant Smolich "be retrained." *Id*. at 7. Plaintiff's proposed second amended complaint does not seek to include additional claims or parties. *Compare* Dkt. 12 (amended complaint) *with* Dkt. 32-1 (proposed second amended complaint).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 464 F.3d 946, 951 (9th Cir. 2006) (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

In this case, while undue delay suggests denying the Motion, the remaining factors weigh in favor of granting the Motion. First, regarding undue delay, Plaintiff filed the present Motion

1 | over 9 months after he initiated this lawsuit and 5 months after Defendant filed the answer to the
2 | amended complaint. *See* Dkt. 1, 19, 32. This timing supports a finding of undue delay. *See*
3 | *Waters v. Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 507 (9th Cir. 1978).
4 |     Nonetheless, undue delay by itself "is insufficient to justify denying a motion to amend."
5 | *Bowles*, 198 F.3d at 758; *see also United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).
6 | Therefore, the Court cannot deny the Motion unless it also finds futility, bad faith, or prejudice to
7 | Defendant. *Bowles*, 198 F.3d at 758.
8 |     Second, "[f]utility alone can justify the denial of a motion to amend." *Johnson v. Buckley*,
9 | 356 F.3d 1067, 1077 (9th Cir. 2004). A proposed amended complaint is futile when "no set of
10 | facts can be proved under the amendment to the pleadings that would constitute a valid and
11 | sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3 646, 656 (9th Cir. 2017)
12 | (citation and internal quotation marks omitted). Here, Defendant has made no argument
13 | regarding the futility of Plaintiff's proposed amendment. *See* Dkt. 33. Even without opposition
14 | from Defendant, it is not clear Plaintiff's amended allegations with respect to his Eighth
15 | Amendment claim and request for relief would not constitute a valid and sufficient claim. Thus,
16 | the proposed amended complaint is not futile.
17 |     Third, prejudice to the opposing party is typically found where the amended complaint
18 | includes new claims or parties and requires reopening discovery. *See, e.g.*, *Lockheed Martin*
19 | *Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 985-86 (9th Cir. 1999); *Solomon v. North Am.*
20 | *Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). In this case, Defendant does not
21 | contend he would be prejudiced if the Court granted the Motion; rather, he argues an extension
22 | of the discovery deadline is not necessary at this time because most of the outstanding discovery
23 | is completed. Dkt. 33 at 2–3. While Plaintiff counters he is "just getting ready to start the
24 |

discovery process," the Court notes that, according to the Scheduling Order entered on September 12, 2022, the parties had from that date until March 13, 2023 to complete discovery. *See* Dkt. 20. Further, at the time Plaintiff filed the instant Motion, the discovery period was not set to expire for over a month. *See* Dkt. 32. Moreover, the Court notes Plaintiff's proposed amended complaint does not seek to add new claims or parties. *See* Dkt. 32-1. Therefore, the parties should not need to undertake additional discovery. Accordingly, the Court finds Defendant is not unfairly prejudiced by allowing Plaintiff to amend his amended complaint at this time.

Finally, Defendant does not argue Plaintiff seeks to amend the Complaint in bad faith, nor do any facts surrounding the Motion suggest Plaintiff made the Motion in bad faith. Thus, the lack of bad faith weighs in favor of granting the Motion.

In sum, the Court finds Plaintiff's Motion was unduly delayed; however, Defendant will not be unfairly prejudiced by allowing Plaintiff to amend. The Court also does not find Plaintiff's proposed amended complaint is futile. As such, the Court finds the interests of justice require giving Plaintiff leave to amend.

**II.  Appointment of Counsel**

In the Motion, Plaintiff also requests Court-appointed counsel. *See* Dkt. 32 at 1–2. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In support of his request for Court-appointed counsel, Plaintiff complains of his restricted access to the law library as well as his mental health problems and unspecified learning disabilities.[1] Dkt. 32 at 1–2. The balance of reasons cited by Plaintiff in the instant request are issues common to other *pro se* litigants and are not exceptional. Therefore, they do not warrant the appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants) (citations omitted); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding limitations in plaintiff's ability to prepare for trial due to his imprisonment were not exceptional circumstances to appoint counsel). Further, Plaintiff has not shown, nor does the Court find, this case involves complex

---

[1] In the Motion, Plaintiff complains Defendant's counsel took advantage of his mental health issues and learning disabilities at his deposition by asking him improper and irrelevant questions and referring to medical files he did not give permission to release. *See* Dkt. 32 at 3. The Court notes Plaintiff's case involves claims relating to his medical care, or lack thereof, at MCC. *See* Dkts 12, 32-1. In cases such as these, during a period of discovery medical records and documents relating to the condition(s) alleged in the complaint or attempts to seek treatment for the condition(s) may be produced without additional authorization from the plaintiff. If the documents include a plaintiff's "protected health information" within the scope of the Federal Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191 ("HIPAA"), and 45 C.F.R. §§ 160.103 and 154.512(e)(1), the custodians of such medical records are authorized to release "protected health information" and "protected mental health information" without an authorization from plaintiff and may be used by defendant(s) in the defense of the action. *See also* Western District of Washington LCR 5(g) (related to sealing and redacting of court records).

facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. The law dictates that Plaintiff's stated conditions, alone, do not compel this Court to appoint counsel without charge at this time. Therefore, Plaintiff's request for Court-appointed counsel (*see* Dkt. 32) is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion (Dkt. 32) shall be granted in part. Plaintiff's request for Court-appointed counsel is denied without prejudice. Plaintiff's proposed amended complaint, attached to his Motion, is hereby deemed filed as Plaintiff's second amended complaint. *See* Dkt. 32-1, pp. 1–7.

The Court directs the following:

- Defendant is directed to file an amended answer or other responsive pleadings by **April 7, 2023**, in accordance with Federal Rule of Civil Procedure 15(a)(3).
- Both Plaintiff and Defendant are directed to provide the Court with a proposed deadline for dispositive motions.

Because the second amended complaint does not include additional claims or parties, the Court declines to re-open discovery at this time.

Further, the Clerk is directed to separately docket Plaintiff's proposed second amended complaint (Dkt. 32-1, pp. 1–7) as Plaintiff's Second Amended Complaint.

Dated this 24th day of March, 2023.

David W. Christel
Chief United States Magistrate Judge