UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MORGAN LEE BEADLE,

           Plaintiff,

    v.

DAVID SMOLICH,

           Defendant.

CASE NO. 2:22-CV-515-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: July 21, 2023

    The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to Chief United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendant David Smolich's Motion for Summary Judgment. Dkt. 40. Plaintiff Morgan Lee Beadle alleges Defendant violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when Defendant told Plaintiff to harm himself. After reviewing the relevant record, the Court finds Plaintiff has failed to rebut Defendant's summary judgment showing that no genuine issue of material fact remains in this case. Therefore, the Court recommends Defendant's Motion for Summary Judgment (Dkt. 40) be granted and this case be closed.

REPORT AND RECOMMENDATION - 1

## I. Background

Plaintiff, an inmate housed at the Monroe Correctional Complex – Twin Rivers ("MCC"), alleges Defendant Smolich, a correctional officer at MCC, violated Plaintiff's constitutional rights by ordering Plaintiff to do jumping jacks and telling Plaintiff to kill himself. Dkt. 36. Plaintiff requests injunctive relief and monetary damages. *Id*.

Plaintiff initiated this lawsuit on April 19, 2022. Dkt. 1. Defendant filed the Motion for Summary Judgment on March 31, 2023. Dkts. 40, 41-44, 46 (supporting evidence). Plaintiff filed a Response to the Motion on April 27, 2023. Dkt. 47. Plaintiff's response was untimely; however, the Court notified the parties it would consider Plaintiff's response and allowed Defendant to file a reply. Dkt. 50. Defendant filed his Reply on May 11, 2023. Dkt. 51.

## II. Standard of Review

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III. Discussion

In the Motion for Summary Judgment, Defendant alleges no genuine issue of material fact remains regarding whether Defendant is (1) liable under § 1983 for verbal harassment; and (2) acted with deliberate indifference to Plaintiff's serious medical needs. Dkt. 20.[1]

#### A. Evidence[2]

The relevant evidence shows Plaintiff was incarcerated at MCC beginning in April of 2021. Dkt. 41-1 at 19. Plaintiff testified Defendant harassed him at least a dozen times since that time. *Id*. at 25. In July of 2021, Defendant told Plaintiff that he "was a piece of shit and that [he] should go in [his] room and fucking kill [him]self." *Id*. at 28. After Defendant made the statement, Plaintiff attempted to kill himself by tying a piece of bed sheet around his neck really tightly and going to sleep. *Id*. at 29-30. Plaintiff reported his suicide attempt to his counselor, non-party Ms. Browne. *Id*. at 30. A mental health encounter report states Plaintiff reported being upset about a corrections officer who told him to kill himself, but, at the appointment, Plaintiff was at baseline and managing his frustrations better than he had previously. Dkt. 47 at 17.

In July or August of 2021, Plaintiff told Defendant he needed to see mental health or medical. Dkt. 41-1 at 32. Defendant replied, "Go ahead and stab yourself. See if I care." *Id*. at 31-32. Plaintiff then stabbed himself with a "flex pen." *Id*. at 32. "A 'flex pen' is a non-lethal flexible ball point pen issued to DOC [(Department of Corrections)] inmates for writing, it is

---

[1] Defendant also asserts he is entitled to qualified immunity. Dkt. 40. Plaintiff has failed to present a triable issue of fact regarding the alleged constitutional violation and, therefore, the Court need not discuss Defendant's additional arguments.

[2] Both parties move to strike portions of the evidence. *See* Dkts. 47, 51. The Court will only consider relevant, admissible evidence and declines to strike evidence at this time.

designed to be difficult to harm oneself or others." Dkt. 42, Smolich Dec., ¶ 7. Defendant did not witness Plaintiff stab himself. Dkt. 41-1 at 32-33. Plaintiff was able to get mental health treatment the next day. *Id*. at 35.

Defendant never stated he was going to injure Plaintiff or cause Plaintiff harm, but did state one time that he "could kick [Plaintiff's] ass, and [Plaintiff] told him to come out of the booth and try it." Dkt. 41-1 at 26. Defendant was unaware Plaintiff attempted suicide with a bed sheet or stabbed himself with a "flex pen" until the initiation of this lawsuit. Dkt. 42, Smolich Dec, ¶¶ 6, 8. Defendant testified that he did not, at any point, instruct or encourage Plaintiff to engage in any self-harming behavior, use physical force or threaten physical force against Plaintiff, prevent Plaintiff from accessing mental health services, or prevent Plaintiff from accessing medical treatment. *Id*. at ¶¶ 9-12. However, Plaintiff states that Defendant's treatment towards Plaintiff put Plaintiff "in such a bad place that [he] wanted to end [his] life." Dkt. 47, Beadle Dec. at 14, ¶ 7.[3]

### B. Medical Need & State Law Claims

In his Response, Plaintiff states he is not alleging violations of his constitutional rights based on Defendant's verbal harassment or based on deliberate indifference to a serious medical need. Dkt. 47 at 10. He also states he is not raising any state law claims. *Id*. Plaintiff states he is alleging only that Defendant's actions constitute cruel and unusual punishment in violation of the Eight Amendment. *See* Dkt. 47. The Court has reviewed the Second Amended Complaint (Dkt. 36) and concurs with Plaintiff's position. Furthermore, to the extent Plaintiff did raise these

---

[3] In Plaintiff's Response, a non-party inmate, William Womack, filed a declaration asking the Court to "take judicial notice of the fact that the plaintiff ask this Court to extend the discovery deadline so that he may pursue a Motion to Compel[.]" Dkt. 47 at 58. Plaintiff has not sought to extend the discovery deadline nor moved to compel discovery disclosures. Further, the Court declines to consider a request from a non-party. Accordingly, the discovery deadline will not be extended.

claims in the Second Amended Complaint, the Court finds Plaintiff has effectively moved to withdraw these claims in his Response. Therefore, the Court finds it need not consider Defendant's arguments regarding a claim of deliberate indifference to a serious medical need or any state law claim and any such claim should be dismissed.

### C. Cruel and Unusual Punishment

Plaintiff alleges Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment. Dkt. 36. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Under the Eighth Amendment, prison officials are required to provide prisoners with basic life necessities, such as food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* "To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind." *Id.* at 834 (internal quotations omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id.* (*quoting Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

Although particularly egregious verbal harassment "calculated to and ... caus[ing] [a prisoner] psychological damage" may be sufficient to state a claim for a constitutional violation, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998), threats are not generally sufficient to state an Eighth Amendment claim, *see Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). *See also Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (allegations of verbal harassment and abuse are not sufficient to state a claim for relief under § 1983).

Viewing the evidence to the light most favorable to Plaintiff, the facts show Defendant made two statements to Plaintiff telling him to harm himself and Plaintiff took action to harm

himself after the statements were made. There is no evidence Defendant was aware of the self-harm until the filing of this lawsuit. Further, there is no evidence showing Defendant physically touched Plaintiff, provided Plaintiff with means to commit suicide, or otherwise threatened him with physical violence. Defendant never stated he was going to injure Plaintiff or cause Plaintiff harm.

Further, there is no evidence showing Defendant's statements were "unusually gross" and calculated to and did cause psychological harm. *Keenan*, 83 F.3d at 1092. The Court finds this case is distinct from cases that denied summary judgment where there was evidence a defendant taunted a prisoner when his suicide attempts were unsuccessful and encouraged the prisoner to take his own life. *See e.g. Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019) (finding summary judgment was not appropriate where a nurse taunted and encouraged an inmate on suicide watch in her care to take his own life). For example, here, there is no evidence Plaintiff was, or Defendant knew Plaintiff was, on suicide watch when Defendant made the statements, and the treatment notes show Plaintiff remained at his baseline after Defendant told him to harm himself.

Plaintiff cites *Booth v. Gaffney*, 2019 WL 2271952 (C.D. Cal. April 3, 2019) to support his position that a statement to a prisoner to "kill yourself" constitutes cruel and unusual punishment. Dkt. 47. The court in *Booth*, in considering a motion to dismiss, found the prisoner plaintiff stated a claim of deliberate indifference to a serious medical need. The prisoner alleged that he was on his way to a safety cage based on suicide impulses when he encountered the defendant. *Booth*, 2019 WL 2271952 at *6. The plaintiff alleged the defendant knew the plaintiff was a high risk for suicide and had been recommended for placement in a safety cage, yet the defendant told the plaintiff to kill himself later and sent him, unaccompanied, to retrieve his belongings for a prisoner transfer. *Id*. On his way to retrieve his belongings, the plaintiff found a

REPORT AND RECOMMENDATION - 6

1 razor blade on the handball court and cut his wrist. *Id*. The allegations were sufficient to show
2 the defendant knew the plaintiff faced a high risk of suicide and disregarded the risk that the
3 plaintiff would find a means to harm himself if he was unaccompanied; thus, the plaintiff
4 sufficiently stated a claim for deliberate indifference to a serious medical need. *Id*.

5       The Court finds *Booth* is distinguishable from this case. The defendant in *Booth* was not
6 found potentially liable for telling the plaintiff to harm himself. Rather, the court determined the
7 allegations were sufficient to state a claim for deliberate indifference to a serious medical need
8 based on the defendant's decision to send the plaintiff to retrieve his belongings unaccompanied.
9 Further, in this case, there is no evidence Defendant was aware Plaintiff was a high risk for
10 suicide and there is no evidence Plaintiff was on any type of suicide watch. Therefore, the Court
11 finds *Booth* is not instructive in this case.

12       The Court finds that Defendant's two statements telling Plaintiff to harm himself do not
13 rise to the level of a constitutional violation. As such, the Court finds Plaintiff has not overcome
14 Defendant's summary judgment showing that Defendant's statements do not give rise to a
15 cognizable Eighth Amendment claim. *See Banks v. Beard*, 2006 WL 2192015, at *10 (W.D. Pa.
16 Aug. 1, 2006) (finding verbal threats, including statements over the intercom urging prisoners to
17 commit suicide, were "mere threats" and did not rise to the level of a constitutional violation);
18 *Somers v. Thurman,* 109 F.3d 614, 622 (9th Cir.1997) (the exchange of verbal insults between
19 inmates and guards is a constant, daily ritual observed in this nation's prisons" of which "we do
20 not approve," but which do not violate the Eighth Amendment); *Monroe v. Mortell*, 2022 WL
21 624996, at *7 (E.D. Cal. Mar. 3, 2022), *report and recommendation adopted*, 2022 WL 1004715
22 (E.D. Cal. Apr. 4, 2022) ("a defendant's threats to kill or harm a plaintiff are insufficient, without
23 more, to give rise to a cognizable verbal harassment claim).

24

### IV. Conclusion

Viewing the evidence in the light most favorable to Plaintiff, the Court finds there is no genuine issue of material fact regarding whether Defendant violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Furthermore, Plaintiff has not alleged a claim of deliberate indifference to a serious medical need, nor any state law claims. Therefore, the Court recommends Defendant's Motion for Summary Judgment (Dkt. 40) be granted and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 21, 2023, as noted in the caption.

Dated this 30th day of June, 2023.

David W. Christel
Chief United States Magistrate Judge