THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MORGAN LEE BEADLE,<br><br>                    Plaintiff,<br><br>    v.<br><br>DAVID SMOLICH,<br><br>                    Defendant. | CASE NO. C22-0515-JCC<br><br>ORDER |

This matter comes before the Court on objections (Dkt. No. 53) to the report and recommendation ("R&R") of the Honorable David W. Christel, Chief U.S. Magistrate Judge (Dkt. No. 52). Having thoroughly considered the report and recommendation and the relevant record, including the objections, the Court OVERRULES Plaintiff's objections (Dkt. No. 53), and ADOPTS the R&R for the reasons described herein.

Plaintiff filed a *pro se* civil rights complaint alleging that Defendant, a correctional officer, violated his Eighth Amendment right to be free from cruel and unusual punishment. (*See* Dkt. No. 36 at 4.) Specifically, Plaintiff alleged that his Eighth Amendment right to be free from cruel and unusual punishment was violated when Defendant told him he was "a piece of shit" and that he "should go in [his] room and fucking kill [him]self." (Dkt. Nos. 47, 51.) Judge Christel recommends that the Court grant Defendant's motion for summary judgment (Dkt. No. 40) and dismiss Plaintiff's claims with prejudice.

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all, since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such "objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.* Accordingly, *de novo* review is not required when a party fails to direct the Court to a specific error in the R&R. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003).

Here, Plaintiff merely restates his factual allegations and legal argument previously considered by Judge Christel. (*See generally* Dkt. Nos. 36, 47.) He points to no specific error contained within the R&R. (*See generally* Dkt. No. 53.) Indeed, as Judge Christel's in-depth R&R found, Plaintiff fails to allege a cognizable Eigth Amendment injury. *See Somers v. Thurman,* 109 F.3d 614, 622 (9th Cir.1997) (the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons" of which "we do not approve," but which do not violate the Eighth Amendment.) This Court's agrees with Judge Chistel's analysis and FINDS that Plaintiff fails to state a claim for which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

Accordingly, the Court ORDERS as follows:

1. Plaintiff's objections (Dkt. No. 53) are OVERRULED;
2. The Court ADOPTS the R&R (Dkt. No. 52);
3. Defendant's motion for summary judgment (Dkt. No. 40) is GRANTED;
4. Plaintiff's complaint, and this action, are DISMISSED with prejudice; and

5. The Clerk is DIRECTED to send a copy of this order to the parties and to Judge Christel.

DATED this 24th day of August 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE